**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KARL THODE, | ) | |
| | ) | Civil Action No. 2:12 - 724 |
| Petitioner, | ) | |
| | ) | Magistrate Judge Cynthia Reed Eddy |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**[1]

Petitioner, Karl Thode, a state prisoner incarcerated at the State Correctional Institution at Pittsburgh, Pennsylvania has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in connection with a detainer issued by the Commonwealth of Virginia. Because Petitioner has not been prosecuted on his Virginia charges, he asserts that the delay in prosecution violates his rights under the Interstate Agreement on Detainers (IAD) and his right to a speedy trial. Specifically, he seeks to have the Virginia criminal case dismissed. For the reasons set forth below, the Petition will be dismissed. An appropriate order follows.

**A. Relevant Factual and Procedural History**

On August 13, 2007, Petitioner was sentenced on several charges in Erie County, Pennsylvania for which he pleaded guilty. His original maximum sentence date was October 23, 2017 (ECF No. 21-1, p. 9). On November 10, 2009, the Pennsylvania Board of Probation and Parole (the Board) issued a decision releasing Petitioner on parole subject to various conditions and an approved plan (ECF No. 21-1, p. 2). On April 12, 2010, the Board issued an

---

1 The parties consented to jurisdiction by a United States Magistrate Judge. *See* ECF Nos. 16 and 18. *See also* 28 U.S.C. § 636(c)(1).

Administrative Action declaring Petitioner delinquent effective April 7, 2010 (ECF No. 21-1, p. 4). On June 21, 2010, the Board issued an Administrative Action for Petitioner's return to custody as a technical parole violator (ECF No. 21-1, p. 5). Sometime thereafter Petitioner was returned to custody. On July 27, 2010, the Board issued a decision to recommit Petitioner to a state correctional institution as a technical parole violator; his new sentence maximum date was calculated to be January 1, 2018 (ECF No. 21-1, p. 6). On December 8, 2010, the Board modified its 7/27/10 decision to reflect a new detainer from Virginia and re-paroled him to the Virginia detainer (ECF No. 21-1, p. 11).

Pursuant to the Board's December 8, 2010 Order, Petitioner was released on or about April 28, 2011 from SCI-Somerset to the custody of the Somerset Pennsylvania State Police (PSP) and housed in the Somerset County Jail for extradition to Prince William, Virginia on the Virginia detainer (ECF No. 21-1, p. 19).[2] On that same date, the District Attorney in Somerset County proceeded with an extradition hearing. On August 11, 2011, the Court of Common Pleas dismissed that matter because Virginia failed to produce a Governor's warrant within 30 days (ECF No. 13-1, p. 10) and Petitioner was released from PSP custody.

On November August 22, 2011, the Board issued an Administrative Action declaring Petitioner delinquent effective August 18, 2011 (ECF No. 21-1, p. 13). On October 17, 2011, the Board issued a decision to recommit Petitioner to a state correctional institution as a technical parole violator to serve nine months back-time (ECF No. 21-1, p. 14. On April 24, 2012, the Board issued a decision denying Petitioner's application for re-parole due to, *inter alia*, Petitioner's need to complete additional programs, his misconduct history, a negative

---

2 The Virginia warrant asserts that on May 22, 2010, Petitioner committed Grand Larceny, a Class U felony, by stealing tools and electronic items valued at over $200.00 from the Prince William County Fairgrounds (ECF No. 21-1, p. 23).

recommendation from the DOC, and his prior unsatisfactory parole supervision history (ECF No. 21-1, p. 15-16).  Petitioner remains in DOC custody and his maximum release date is January 1, 2018.  He is to be reviewed for parole again after December of 2012 (ECF No. 21-1, p. 16).  The Virginia detainer remains in effect (ECF No. 21-1, p. 16).

Petitioner filed the instant petition for writ of habeas corpus in this Court on May 31, 2012.  On July 17, 2012, the Commonwealth moved to dismiss the instant Habeas Petition (ECF No. 10).  Petitioner responded by filing a Motion for Summary Judgment, asking the Court to take judicial notice of the extradition proceedings in the summer of 2011 in the Court of Common Pleas of Somerset County.

### B. Jurisdiction

To invoke habeas corpus review under 28 U.S.C. § 2241, a petitioner must be in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); *see also* Maleng v. Cook, 490 U.S. 488, 490 (1989).  A district court has jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pre-trial petition for habeas corpus brought by a person challenging a detainer lodged pursuant to an untried state indictment.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).  Moreover, as the Interstate Agreement on Detainers Act (IAD) is a congressionally sanctioned interstate compact within Art. I, § 10, of the United States Constitution, the petition presents a federal claim within the meaning of 28 U.S.C. § 2241.  *See* Cuyler v. Adams, 449 U.S. 433, 438-42 (1981).  Although this Court has subject matter jurisdiction over the Petition, habeas relief is not available for several reasons.

The purpose of the IAD is to encourage the expeditious and orderly disposition of outstanding criminal charges.  A detainer is a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in

another jurisdiction. Esola v. Groomes, 520 F.2d 830, 838 (3d Cir. 1975) (citation and internal quotation marks omitted). To achieve that end, the IAD requires that a defendant be tried on outstanding criminal charges within 180 days after authorities in that state receive his request for final disposition. The IAD requires dismissal of the charges in the event that an action is not brought to trial within 180 days of the prosecutor and court's receipt of the request for final disposition. Fex v. Michigan, 507 U .S. 43, 51 (1993) (prosecuting State's receipt of the request for final disposition starts the 180-day period).

The courts of Pennsylvania have no power under the IAD to dismiss outstanding Virginia charges because of a violation of the 180-day requirement in the IAD. Only the courts of the indicting state can enter an order that would effectively void the criminal charge based on a violation of the IAD. Mokone v. Fenton, 710 F.2d 998, 1003 (3d Cir. 1983). Moreover, a habeas petitioner seeking a speedy trial in another state, or seeking to bar prosecution of a charge upon which an out-of-state detainer is based, must exhaust the remedies of the state where the charge is pending. Id. at 1002; Moore v. De Young, 515 F.2d 437 (3d Cir. 1975). *See also* United States v. MacDonald, 435 U.S. 850, 861 (1978) (observing that the Speedy Trial Clause "does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all").

It follows that, to the extent Petitioner seeks dismissal of the Virginia charges, pre-trial habeas relief is premature because Petitioner has not presented this affirmative defense to the Virginia courts. Petitioner will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. *Accord* Knox v. State of

4

<u>Wyoming</u>, 959 F.2d 866, 868 (10th Cir. 1992) (dismissing federal prisoner's 2241 petition challenging Wyoming detainer under IAD where petitioner has yet to be sentenced and appeal his IAD claims); <u>Kerns v. Turner</u>, 837 F.2d 336 (8th Cir. 1988) (dismissing § 2241 petition filed by federal prisoner awaiting sentencing on Missouri charge who challenged future state imprisonment as violation of IAD).

In sum, because Petitioner failed to exhaust his IAD claim before the Virginia Courts, this Court will dismiss his § 2241 without prejudice to bringing these claims in a petition filed under 28 U.S.C. § 2254 in the proper District Court,[3] after Petitioner's due exhaustion of his state court remedies. An appropriate order follows.

**AND NOW**, this 12th day of February, 2013:

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 10) is **GRANTED** and the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED.**

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

Cynthia Reed Eddy

---

3. The District Court in Virginia is the proper forum with regard to a habeas corpus action which seeks dismissal of the Virginia charges as only that Court will have *in personam* jurisdiction over the local prosecutor. <u>Norris v. The State of Georgia</u>, 522 F.2d 1006 (4th Cir. 1975).

United States Magistrate Judge

Karl Thode
GN-4469
SCI Pittsburgh
P.O. Box 99901
Pittsburgh, PA 15233